# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  }<br>}<br>Plaintiff,  }<br>}<br>v.  }<br>}<br>SADAO WATERS,  }<br>}<br>Defendant.  } | CASE NO. 19 CR 323<br><br>JUDGE: NUGENT.D.C.<br><br>**SENTENCING MEMORANDUM AND REQUEST FOR A RECOMMENDATION FOR DRUG TREATMENT PURSUANT TO 18 U.S.C. SECT. 2612(e) AND 28 C.F.R. SECT 550.50** |

 Now comes the Defendant, SADAO WATERS, by and through his counsel, and respectfully submits the attached sentencing memorandum and motion as is more fully supported by the arguments and law cited therein. The presentence report, with objections listed therein, is also incorporated in this memo by reference and indicates that Mr. Waters's addiction to alcohol and marijuana began at age 16 and, according to him, abused both of those drugs up and through his arrest in the present case. Apparently he has had periods of sobriety, however, he has repeatedly tested positive for cocaine while at CBCF and, thus, is subject to relapsing. Should this honorable court so decide the need for his referral to the RDAP progam due to his prolonged use and abuse of drugs and alcohol which commenced at an early age, Mr. Waters would benefit therefrom a great deal. This pattern of alcohol and drug abuse should indicate the need, if recommended, for the 500 hour RDAP program available through the Bureau of Prisons. This addiction has led him and

contributed to his involvement in the present case. Although being addicted to drugs and alcohol, Mr. Waters , nevertheless managed to support seven children. The resulting debilitating psychological and physical conditions associated with this addiction should be sufficient to warrant: 1) As part of the sentence, a recommendation for intensive alcohol/drug treatment pursuant to 18 U.S.C. sect. 3612(e) and 28 C.F.R. sect 550.50.

**The 3553 Factors** After the decision in *Gall v. United States*, 552 U.S. 38(2007), the Court is fully aware of itd broad discretion in imposing a sentence. While the Court must consider the guideline range, it is only "one factor among several." *Kimbrough v. United States*, 552 U.S. 85. 90 (2007). The touchstone for the ultimate analysis remains the command contained in18 U.S.C. sect. 3553(a) that the Court "impose a sentence sufficient , but not greater than necessary"to satisfy the goals of sentencing : after considering the nature of the offense( sale and distribution of 9.51 grams of crack cocaine) and the offender, providing just punishment, affording deterrence , protecting the public and assisting in rehabilitation. The Court in applying 3553 (a) factors in determining the applicability of a sufficiently fair and not overly harsh sentence that would satisfy the parsimony clause of section 3553 by sentencing Mr. Waters to a term of incarceration that is sufficient but not greater than necessary . The defendant requests that this honorable court recommend Mr. Waters be incarcerated at Milan FCI.

Respectfully submitted,

\_\_s/jkersey_____
James M. Kersey (007815)
1360 E. 9th St., IMG Bldg.
Suite 600
Cleveland, OH 44114
(216) 241-3470

**ATTORNEY FOR DEFENDANT**

**SERVICE**

Now comes the undersigned and hereby certifies that a copy of the foregoing Sentencing Memorandum Drug Treatment Pursuant to 18 U.S.C. Section 3612(e) and 28 C.F.R. sect. 550.50 was sent by e-mail to Robert Kolansky, Asst. United States Atty., 801 W. Superior Ave., Suite 400, Cleveland, Ohio 44113 this 21st day of January, 2020.

\_s/jkersey_____
James M. Kersey